**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 5, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-50316
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE JUNIOR POINTER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-01-CR-53-1
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

George Junior Pointer appeals his jury-trial conviction for conspiracy to commit interstate transportation of a stolen vehicle and aiding and abetting interstate transportation of a stolen vehicle, in violation of 18 U.S.C. §§ 2, 371, and 2312. Pointer argues that the evidence was insufficient to sustain his conviction; that the magistrate judge erred in denying his motion to strike surplusage from the indictment; and that the district

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in denying his request that certain prior bad acts be excluded from the jury charge.

Although Pointer's ex-wife, Keitha Parrott Pointer ("Parrott"), could not produce a certificate of title indicating that she was the registered owner of the winch truck, the record clearly establishes that Parrott had legal possession of the truck when Pointer and co-defendant Buddy Hall arranged for its removal from Parrott's property. See United States v. Hull, 437 F.2d 1, 5 (5th Cir. 1971)(holding that "formal proof of ownership" is not an essential element in a Dyer Act conviction). Furthermore, viewed in the light most favorable to the Government, the evidence was also sufficient to establish that Pointer knew that he was stealing the truck when he had it transported across state lines to Oklahoma. Because a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt, Pointer's insufficiency-of-the-evidence claim fails. See United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982) (en banc).

The magistrate judge denied Pointer's pretrial motion to strike surplusage from the indictment pursuant to FED. R. CRIM. P. 7(d). Because Pointer never appealed the magistrate judge's order to the district court, he is essentially attempting to appeal the order directly to this Court. As this court lacks jurisdiction over such orders, this portion of Pointer's appeal

must be DISMISSED for lack of jurisdiction.  See <u>United States v.</u>
<u>Renfro</u>, 620 F.2d 497, 500 (5th Cir. 1980).

Pointer's other bad acts, which were set forth in the indictment and included in the jury charge, assisted the Government in establishing the knowledge element of an 18 U.S.C. § 2312 violation, as the evidence showed that Pointer knew he had no lawful basis to take Potter's property, including the truck. Because the prior bad acts helped place the events leading to the ultimate removal of the winch truck in context, and assisted the Government in establishing an element of the charged crime, they constituted intrinsic evidence, and their admission was not an abuse of discretion.  See <u>United States v. Coleman</u>, 78 F.3d 154, 156-57 (5th Cir. 1996).

Based on the foregoing, the district court's judgment is AFFIRMED, and Pointer's appeal is DISMISSED in part.